[No. 4146.]

PEDEN V. BIRKLE.

1. FALSE REPRESENTATIONS—*As to Legal Effect of a Document*, of which the party complaining has the same opportunity to judge, as the party making the representation, and as to which there is time to investigate, and take counsel, afford no action. (324.)

2. CHATTEL MORTGAGE—*Defective Acknowledgment.* A chattel mortgage acknowledged before a notary public, but to the certificate of which acknowledgment the notary has failed to affix his seal, is valid between the parties thereto. (324.)

*Error to Weld District Court.* HON. NEIL F. GRAHAM, Judge.

MR. L. W. NEWBY, for plaintiff in error.

MR. ROBERT E. WINBOURNE, for defendant in error.

KING, J., delivered the opinion of the court.

Plaintiff Birkle brought his suit to recover from defendant Peden the amount of a check which defendant had drawn on the Farmers National Bank of Longmont, payable to plaintiff, and which on presentation was dishonored because defendant had revoked the check, or stopped payment thereof. On trial to the court, without jury, judgment was rendered in favor of plaintiff.

Defendant pleaded several affirmative defenses, in substance that the indebtedness for which the check was given had prior thereto been satisfied by a new note secured by chattel mortgage; that the check had been obtained by false representations, which defendant believed and upon which he relied; and that the check had been obtained by duress consisting of threats of prosecution. The evidence shows clearly that the new note and chattel mortgage were not given in payment and satisfaction of the old note, but as a renewal, and with the understanding that the first mortgage was to be foreclosed upon certain property that had been sold by the mortgagor, subject thereto, and omitted from the new mortgage, and that the proceeds of foreclosure should be applied to reduce the new note. The representations alleged to have been made which were said to be false consisted of a statement that the chattel mortgage which plaintiff was foreclosing was good, whereas, the notary, in certifying the acknowledgment to said chattel mortgage, had failed to affix his seal thereto. The proof discloses that the mortgage was shown to defendant before he gave the check, and a copy of the mortgage was left with him. His opportunity to judge of the validity of the mortgage was equal to that of the plaintiff, and he had ample time to investigate as to the law, and take advice if he saw fit. Moreover, the mortgage was good as between the parties thereto, and there is nothing to show or indicate that the plaintiff knowingly misrepresented the legal suf-

ficiency of the instrument as to third parties. The alleged duress consisted of statements said to have been made by one Fox, manager of a mining company which had bought from defendant some mules included in the said mortgage, and which had been seized by the mortgagee, to the effect that unless defendant settled the matter within forty-eight hours, so that the mining company would not lose, defendant would be prosecuted. The proof of duress is not strong enough to warrant this court in interfering with the finding of the trial judge, before whom the witnesses appeared.

Finding no error, the judgment will be affirmed.

*Affirmed.*